IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD BEALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-194-G-BN |
| | § | |
| A2Z LIMOUSINE TRANS and JIMMY CHARDY, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This action filed by a plaintiff proceeding *pro se* has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. Plaintiff Edward Beall has filed a Federal Rule of Civil Procedure 39(b) motion for a jury trial, *see* Dkt. Nos. 31 & 37, and both a motion to join an additional party, *see* Dkt. No. 40, and one for leave to amend, *see* Dkt. No. 51, both presumably made under Federal Rule of Civil Procedure 15(a). The parties' filed responses and replies to the motions. *See, e.g.,* Dkt. Nos. 47, 48, 49, 50, 52, 62, & 63. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motions for a jury trial and to join an additional party but deny the motion for leave to amend.

**Applicable Background, Legal Standards, and Analysis**

I.   <u>Motion for Jury Trial</u>

On May 30, 2018, Beall, citing Federal Rule of Civil Procedure 38(a), filed a

motion "requesting a Jury trial on all triable issues." *See* Dkt. No. 31.

Because Beall did not file a jury demand within 14 days of the filing of Defendants Jimmy Chauhdry and A2Z Limousine Transport LLC's answer [Dkt. No. 15], Beall waived the right to a jury trial. *See* FED. R. CIV. P. 38(b). But, when this occurs, a plaintiff may file a motion under Rule 39(b), which authorizes the Court to, "on motion, order a jury trial on any issue for which a jury might have been demanded."

> The decision to grant an untimely request for a jury trial is discretionary with the district court. *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653-54 (5th Cir. 1984). A district court generally should grant a Rule 39(b) motion to permit a jury trial "in the absence of strong and compelling reasons to the contrary." *Lewis v. Thigpen*, 767 F.2d 252, 257 (5th Cir. 1985). It should be noted, "[i]t is not an abuse of discretion by a [trial court] to deny a Rule 39(b) motion ... when the failure to make a timely demand for a jury trial results from the mere inadvertence on the part of the moving party." *Id.* (citing *Bush v. Allstate Ins. Co.*, 425 F .2d 393, 396 (5th Cir. 1970)). "[I]gnorance" and "incompetence," however, are distinguishable from "inadvertence." *Id.* at 258.

*Velasquez v. Bank of Am.*, No. 3:02-cv-2204-D, 2003 WL 21250853, at *1 (N.D. Tex. May 27, 2003) (considering the five-factor test set out in *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990), and a granting *pro se* plaintiff's tardy jury motion because her reasons for the late demand did "not result from mere 'inadvertence,' but rather [were] more akin to 'ignorance' or 'incompetence'").

The Court explained this standard to Beall in an order entered on June 1, 2018, *see* Dkt. No. 32, and he filed a supplement to his initial motion on June 6, 2018, *see* Dkt. No. 37. In that filing, Beall states that his "earlier motion for jury request was not mere inadvertence but the plaintiff being Pro-Se, neophyte, it was more of Ignorance

and incompetence." *Id.* at 2. Defendants counter that Beall made his jury demand "at least fifty (50) days after the time limit expired" and, because "[n]o exception to the waiver rule has been shown," "Beall waived a jury trial in this case." Dkt. No. 50 at 1.

In *Lewis*, the United States Court of Appeals for the Fifth Circuit reiterated that "[a] motion for trial by jury submitted under Rule 39(b) should be favorably received unless there are persuasive reasons to deny it." *Lewis*, 767 F.2d at 257 (quoting *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. Unit A Oct. 1981)). But that "favorable reception at the trial level ... is tempered by the observation that such a motion is considered strongly against the moving party 'when no justification is offered in explanation of a lengthy delay.'" *Id.* (quoting *United States v. Lochamy*, 724 F.2d 494, 499 (5th Cir. 1984)).

The delay here is not lengthy. Beall, as a *pro se* litigant, has, through his filings, made a credible showing that he is ignorant of the requirements of Rule 38. And Defendants fail to offer a strong and compelling reason to deny Beall a trial by jury. The Court should therefore grant Beall's Rule 39(b) motion. *See Lewis*, 767 F.2d at 259 ("[I]f a petitioner's assertion of ignorance is credible, the trial court should exercise its discretion under Rule 39(b) to grant him a trial by jury 'in the absence of strong and compelling reasons to the contrary.' It is emphasized that a *pro se* litigant's claim of ignorance must be found credible by the trial court" unless, for example, that "litigant's experience with trial court procedure, his apparent familiarity with the Federal Rules of Civil Procedure, or his choice to represent himself may lead the trial court to determine that a claim of ignorance should not be credited." (quoting *Swofford v. B &*

*W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964); footnote and citations omitted)); *see also id.* at 258-59 (approving the United States Court of Appeals for the Seventh Circuit's decision in *Merrit v. Faulkner*, 697 F.2d 761 (7th Cir. 1983), in which "the Seventh Circuit, in applying the same *Swofford* standard which originated in [the Fifth Circuit,] distinguished cases in which counsel has been inadvertent in filing an untimely jury demand and those in which a *pro se* litigant fails to file a timely demand out of ignorance or incompetence"); *cf. McAlpine v. Porsche Cars N. Am. Inc.*, 428 F. App'x 261, 264 (5th Cir. 2010) (per curiam) (In *Lewis*, "[o]ur consideration of the litigant's failure to request a jury trial in a timely manner depended upon the discretionary function of the district court implicit in Rule 39(b), and we ultimately remanded for a determination of whether the *pro se* litigant was truly ignorant of his obligation to request a jury trial." (citation omitted)).

II. <u>Motion to Join An Additional Party</u>

The extended deadline to amend pleadings and to join parties was July 5, 2018. *See* Dkt. Nos. 26 & 32.

On June 12, 2018, Beall moved to add as a defendant Raja Chaudhry, who Beall describes as "one of two principals of A2Z Limo Transport." Dkt. No. 40 ("Plaintiff wishes to name him jointly, severally in his individual and official capacities."). Defendants respond in substance that "Plaintiff has provided no document identifying Raja Chaudhry as a principle of A2Z Limo Transportation" and, "[i]n any event, Corporation stockholders doe not have personal liability for any corporate debt." Dkt. No. 48.

When a party is not subject to an expired deadline for seeking leave to amend, Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). That is, Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598.

Applying this liberal standard, and considering that Beall is not required to offer documentation at the pleading stage to support his assertion that Chaudhry may be a proper defendant, the Court should grant the motion to join Chaudhry as a defendant.

III.   Motion for Leave to Amend

Beall's Motion to Amend/Supplement [Dkt. No. 51] was filed on July 9, 2018 – after expiration of the extended deadline.

Where the deadline to seek leave to amend the pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet this standard, a party

must show that, despite his diligence, he could not reasonably have met the deadline in the scheduling order. *See id.* at 535; *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)).

The Court considers four factors in determining whether to modify a scheduling order for good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997)); *accord Squyres*, 782 F.3d at 237. "The absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

And, where a plaintiff must establish Rule 16(b)(4) good cause to seek leave to amend his complaint, his "lack of diligence in timely amending his pleadings is paramount." *Id.* at *2 (citing *Palomino v. Miller*, No. 3:06-cv-932-M, 2007 WL 1650417, at *2 (N.D. Tex. June 7, 2007) ("Plaintiff's lack of diligence in timely amending his

-6-

complaint undercuts the importance of the amendment." (citing, in turn, *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No. 3:03-cv-2392-G, 2005 WL 2124126, at *8 (N.D. Tex. Sept. 1, 2005) (weighing the first factor against a party who claimed its motion for leave to amend "was untimely because [it] had no reason to believe its third-party complaint needed amendment until [a third-party defendant] filed its motion to dismiss after the scheduling order deadline expired")))).

Only if a movant satisfies Rule 16(b)(4)'s requirements will the Court determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *cf. Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("recogniz[ing]" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991))).

Beall has not satisfied Rule 16(b)(4)'s requirements. Defendants point out his lack of diligence in their response to his motion for leave to amend. *See* Dkt. No. 62. And, in his reply, Beall offers no explanation for why the motion could not have been filed prior to expiration of the extended deadline. *See* Dkt. No. 63. The Court should therefore deny this motion.

**Recommendation**

The Court should grant Plaintiff Edward Beall's motion for a jury trial [Dkt. Nos. 31 & 37] and motion to join an additional party [Dkt. No. 40] but deny Beall's

motion for leave to amend [Dkt. No. 51].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE